**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY A. MELANSON,

      Petitioner-Appellant,

v.

COLORADO DEPARTMENT OF
CORRECTIONS, named as Director or
Warden Colorado Corrections Dept.;
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents-Appellees.

No. 02-1193
(District of Colorado)
(D.C. No. 00-M-931)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Proceeding *pro se*, Roy A. Melanson seeks a certificate of appealability ("COA") from this court so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal may be taken from a final order disposing of a § 2254 petition unless the petitioner first obtains a COA). Because Melanson has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id*. § 2253(c)(2).

On September 1, 1993, Melanson was convicted of first degree murder in Colorado state court and was subsequently sentenced to a term of life imprisonment. Melanson's conviction was affirmed on direct appeal. *See People v. Melanson*, 937 P.2d 826 (Colo. Ct. App. 1996). On August 21, 1997, Melanson filed a motion seeking post-conviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. The motion was denied and Melanson appealed to the Colorado Court of Appeals. On July 29, 1999, the Colorado Court of Appeals affirmed the denial of Melanson's Rule 35(c) motion. The Colorado Supreme Court denied certiorari on February 15, 2000.

In the § 2254 petition Melanson filed in federal court on May 30, 2000, he raised twenty-two claims for relief. Respondents argued that some of Melanson's claims were procedurally barred either because he did not present them to the state court or because they were presented to the state court as matters of state

law.  The district court, however, addressed each of the claims, including the merits of the claims that arguably were procedurally barred.  As to the constitutional claims adjudicated on the merits by the Colorado state court and reviewed by the federal district court, the district court refused to grant the writ sought by Melanson because it concluded that the state court adjudication did not result in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  The claims not addressed by the state court were rejected on the merits by the district court.  The court, accordingly, denied the § 2254 petition.

In his appellate brief, Melanson seeks a COA on only the following five issues: (1) whether the trial court's admission of statements made by Melanson to an FBI agent in violation of *Edwards v. Arizona*, 451 U.S. 477 (1981) was harmless; (2) whether the state met its burden of proving the essential elements of the crime beyond a reasonable doubt; (3) whether Melanson's rights to be present at his trial, to testify, and to confront witnesses were violated by the trial court's ruling that he wear a "stun belt" while in the courtroom; (4) whether Melanson was denied a fundamentally fair trial because the trial court was biased against him and his trial counsel; and (5) whether the trial court had the authority to order Melanson's life sentence to run consecutive to a sentence he is currently serving

in Kentucky. This court cannot grant Melanson a COA unless he can demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In evaluating whether Melanson has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1040 (2003). Melanson is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* (quotations omitted). This court has reviewed Melanson's application for a COA and appellate brief, the district court's order, and the entire record on appeal, including the decisions of the Colorado Court of Appeals, pursuant to the framework set out by the Supreme Court in *Miller-El* and concludes that Melanson is not entitled to a COA. The district court's resolution of Melanson's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, Melanson has not "made a substantial showing of the denial of a constitutional right" and is not entitled to a COA. 28 U.S.C. § 2253(c)(2).

This court **denies** Melanson's request for a COA for substantially those reasons set forth in the district court's order dated April 18, 2002 and **dismisses** this appeal. Melanson's request to proceed on appeal *in forma pauperis* is **granted**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge